# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICIA MADRIGAL,<br><br>    Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No. 1:18-cv-00423-EPG<br><br>**FINAL JUDGMENT AND ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT** |

  This matter is before the Court on Plaintiff's complaint for judicial review of an unfavorable decision by the Commissioner of the Social Security Administration regarding her applications for Disability Insurance Benefits and Supplemental Security Income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c) with any appeal to the Court of Appeals for the Ninth Circuit. (ECF Nos. 8, 9).

  At a hearing on March 5, 2019, the Court heard from the parties and, having reviewed the record, administrative transcript, the briefs of the parties, and the applicable law, finds as follows:

  Plaintiff challenges the opinion of the Administrative Law Judge ("ALJ") on the ground

that the ALJ failed to provide clear and convincing reasons to reject the subjective symptoms of Alicia Madrigal. At the hearing, Plaintiff also raised an additional challenge that there was a facial error in the ALJ's opinion because in one place the ALJ states that she found that Plaintiff could not perform her past work and yet, in conclusion the ALJ found that Plaintiff was capable of performing her past work as a housekeeper.

Regarding Plaintiff's credibility, the ALJ found as follows:

> After careful consideration of the evidence, I find that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision. As discussed below, the claimant did well with her cancer treatment. Her providers cleared her for reconstructive surgeries, and there are minimal objective findings that would support greater restrictions than found in this decision.

(A.R. 30).

Plaintiff argues that the ALJ failed to give clear and convincing reasons for disregarding two specific portions of Plaintiff's testimony:

> Q: Okay. Let's talk groceries. Can you lift a gallon of milk or a bag of potatoes or a big bad of dog food?
>
> A: I believe I could pick up a gallon of milk, but I don't think a bag of dog food.
>
> . . .
>
> Q: Okay. Is there any kind of movement or activity that makes that pain worse?
>
> A: When I move my hand forward or when I try to lift something that's a little heavy.
>
> Q: Okay. And so you said when you move your hand forward, is— are you able to extent it out completely out in front of you or do you have any limits with that?
>
> A: If I do it a lot, it hurts more.

(A.R. 45-46; 49).

The Court first addresses whether the The Residual Functional Capacity ("RFC")

incorporated Plaintiff's purported limitations, despite the ALJ's finding regarding Plaintiff's credibility. The RFC included certain limitations for lifting and reaching, but not to the same extent of Plaintiff's testimony. The RFC limited lifting and carrying to "20 pounds occasionally and 10 pounds frequently." (A.R. 29) The parties agreed during the hearing that a gallon of milk is approximately 8 lbs.[1] Thus, the RFC included lifting and carrying limitations that are more than double the amount of weight Plaintiff testified she is capable of lifting. Additionally, the RFC included a limitation to "occasional overhead reaching with the left upper extremity," (A.R. 29) but no restriction on forward reaching. Thus, the Court finds that the RFC did not take into account Plaintiff's subjective testimony regarding her limitations in lifting and reaching.

As to subjective testimony, the Ninth Circuit has summarized the ALJ's task with respect to assessing a claimant's credibility as follows:

> To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis. First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. The claimant, however, need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom. Thus, the ALJ may not reject subjective symptom testimony ... simply because there is no showing that the impairment can reasonably produce the degree of symptom alleged.
>
> Second, if the claimant meets this first test, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so[.]

Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007) (citations and quotation marks omitted).

Again, the ALJ stated that she was not fully crediting Plaintiff's subjective symptoms because "the claimant did well with her cancer treatment. Her providers cleared her for reconstructive surgeries, and there are minimal objective findings that would support greater

---

[1] See also https://www.reference.com/science/much-one-gallon-milk-weigh-pounds-542154c14a249d4c **("According to the USDA, a gallon of milk weighs about 8.6 pounds.")**.

restrictions than found in this decision." (A.R. 28). These statements do not provide clear and convincing reasons to reject Plaintiff's testimony regarding the weight she can carry or arm positions that cause her pain. It is undisputed that she underwent surgeries related to her cancer treatment, including a mastectomy. Her success in treatment and clearance for reconstructive surgeries do not contradict her testimony regarding her symptoms. The rest of the ALJ's opinion does not point to any objective evidence that Plaintiff in fact can lift more than she testified, or can extend her arm forward without pain. (A.R. 29-30).

The ALJ's discussion of these restrictions in the context of evaluating third party function reports also casts doubt on the ALJ's rejection of Plaintiff's symptoms regarding her left arm. The ALJ summarizes statements from Plaintiff's daughters which included the description that Plaintiff "cried daily from the pain in her chest area and her hands when doing repetitive movements or lifting things." (A.R. 30). The ALJ then states, "I have considered these reports and I give them some weight, as consistent with my finding that the claimant could not perform her past work and is limiting in lifting and use of the left upper extremity." (A.R. 30). The ALJ's conclusion here appears to support, rather than contradict, Plaintiff's own statements regarding her left arm lifting and carrying limitations.

For those reasons, the Court finds that the ALJ failed to provide sufficiently clear and convincing reasons for rejecting Plaintiff's subjective limitations regarding her ability to lift and extend her left arm.

Additionally, in discussing these limitations, the ALJ contradicted herself. As described above, she stated that the third party functional reports were "consistent with my finding that the claimant ***could not*** perform her past work." (A.R. 30) (*emphasis added*). However, the ALJ ultimately concluded that Plaintiff is not disabled because "[t]he claimant is capable of performing past relevant work as a housekeeper." (A.R. 32). Although the Commissioner argued that the ALJ made a typographical error and meant that the claimant ***could*** perform her past work, that is not at all clear. The Court thus remands the case to the ALJ in part to clarify this inconsistency.

Underlying both issues is the parties' disagreement regarding somewhat ambiguous

testimony of the vocational expert. After testifying that Plaintiff could perform her past work as a housekeeper based on the limitations set forth in the RFC, the ALJ and vocational expert had the following exchange:

> Q: I'll start with just one additional limit if I may. . . . The difference here is going to be the reaching. This hypothetical individual with the left non-dominant arm, hand, the left upper extremity, is limited to occasional reaching, not just overhead, but out in front and to the side, essentially in all directions. Would this hypothetical individual be able to perform any of the Claimant's past relevant work?
>
> A: No.
>
> Q: And any other work?
>
> A: Yes. With the occasional reaching in all directions, that hypothetical individual could work as—they'd be able to work as an information clerk, DOT 237-367.018, SVP-2, unskilled, light. National, approximately 90,300. As indicated that person would be able to perform the past work on the housekeeping, and that person could also work as a fast food worker, DOT 311-472.010, SVP-2, unskilled, light. National approximately 1.6 [INABUDIBLE].
>
> Q: You said that they can perform the housekeeper job?
>
> A: Yes.

(A.R. 55-56). The vocational expert thus initially testified that an additional limitation regarding reaching would *preclude* Plaintiff's past work as a housekeeper, and then shortly after testified that such a limitation would *allow* her to perform her housekeeper job. Based on this testimony, it was not clear whether an additional reaching limitation would preclude past work. Moreover, Plaintiff's counsel indicated at the hearing that she had several additional arguments regarding Plaintiff's ability to do other work if the ALJ found she could do the work of an information clerk or fast food worker.

The Court thus directs the ALJ upon remand to consider such testimony and any additional information in determining whether the additional limitations regarding Plaintiff's left arm would render her disabled as defined in the Social Security Act.

\\\

\\\

5

Accordingly, the decision of the Commissioner of the Social Security Administration is REVERSED and REMANDED for further administrative proceedings consistent with this opinion.

IT IS SO ORDERED.

Dated: **March 5, 2019**

/s/ Erin P. Gross
UNITED STATES MAGISTRATE JUDGE